**STATE OF MONTANA,**

Plaintiff,  NO. DC-81-95

vs.  DECISION

**MONICA JEAN WALL,**

Defendant.

On August 30, 1993, the Defendant was sentenced to twenty (20) years with five (5) years suspended for Mitigated Deliberate Homicide, with several conditions imposed. The Defendant received credit for two (2) days time served.

On November 19, 1993, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Milton Datsopoulos, Attorney from Missoula, Montana. The state was represented by Larry Nistler, Lake County Attorney.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After careful consideration, there is a split decision of the Sentence Review Division. Judge G. Todd Baugh and Judge Thomas McKittrick vote to affirm the decision as originally imposed. They are filing specific concurrent opinions and reasons, which are independent of one another, and are attached to this Decision.

DATED this 19th day of November, 1993.

**Hon. Thomas McKittrick, Chairman, and Hon. G. Todd Baugh, Member.**

DISSENT: **THE HONORABLE ROBERT BOYD DISSENTS.** The Sentence Review Board wishes to thank Milton Datsopoulos, Attorney from Missoula for his assistance to the defendant and to this Court. The Board also wishes to thank Larry Nistler, County Attorney from Polson, Montana, for appearing on behalf of the State of Montana.

**OPINION BY HON. THOMAS M. MCKITTRICK.**

The narrow issue before the Sentence Review Board is whether the sentence imposed on the Defendant Monica Jean Wall, is inadequate or excessive. The sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), M.C.A. Rule 17 of the Rules of the Sentence Review Division of the Montana Supreme Court provides that the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive. There have been no arguments advanced suggesting the sentence is inadequate.

It is clear, from the record, that the sentencing judge considered all of the mitigating factors in this case, including psychological and psychiatric reports and testimony, in

handing down the sentence which is now being reviewed. Monica Jean Wall was originally charged with Deliberate Homicide, a Felony, which carries a possible death or life sentence or imprisonment of up to 100 years. The District Court allowed the charge to be amended to Mitigated Deliberate Homicide which carries a penalty of not less than 2 nor more than 40 years imprisonment and a fine of not more than $50,000.00. A Plea Agreement was entered into between the Defendant and the State of Montana. The Defendant was advised that the Court was not bound by the Plea Agreement before she changed her plea to guilty. The Court did not follow the Plea Agreement nor did the Court follow the same recommendation contained in the Pre-Sentence Investigation Report which was for a sentence of 20 years in the Montana State Penitentiary with all time suspended.

Upon her plea of guilty the Court sentenced the Defendant to 20 years imprisonment with 5 years suspended. The District Court did not declare the Defendant dangerous for the purpose of parole eligibility nor did he declare her ineligible for parole. Furthermore, the District Court did not sentence the Defendant for the Commission of a Felony with a Dangerous Weapon. Section 46-18-221, M.C.A., provides that a person found guilty of any offense and who used a weapon in the commission of that offense shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment of not less than 2 nor more than 10 years.

The reasons advanced for the modification of the sentence are insufficient to deem the sentence excessive as required to overcome the presumption per Rule 17 of the Rules of the Sentence Review Division of the Montana Supreme Court. The Defendant's arguments would be more appropriate for the Montana State Parole Board.

While there is evidence that the deceased abused the Defendant, the killing of another is not the answer to spousal abuse. The District Court's sentence was clearly not excessive, considering the potential sentence which the Defendant could have received and considering that a life was taken by a violent act committed by the Defendant.

DATED this 3rd day of January, 1994.

### Hon. Thomas M. McKittrick
### OPINION BY HON. G. TODD BAUGH

I concur in the opinion of the Hon. Thomas M. McKittrick.

I would like to add that there is no sentence that is "the right sentence" in any given case. Sentencing simply is not an exact science and reasonable people will often disagree about any given sentence. Especially is that so in a case such as this.

The Sentence Review Division of the Supreme Court and, I am sure, the sentencing Judge also, understand the mitigating circumstances and society's failure to adequately address violence in general and spousal abuse in particular. As a society we have failed in our obligation to Monica Jean Wall. As a result she took the law into her own hands and fashioned relief society would not provide.

Nonetheless, killing and the use of guns to settle differences cannot be the answer. For deterrence of others in similar situations, a prison sentence must be imposed in these cases. However, it does not serve our society well to sit back smugly and say the problem is addressed when Monica Jean Wall is sent to prison for killing her abusive husband. We owe it to our children and grandchildren to address the issue of spousal abuse before it ever gets close to the situation in which Monica Jean Wall found herself.

Dated this 6th day of January, 1994.

### Hon. G. Todd Baugh